RENDERED: JUNE 28, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1343-ME

K.R.F.                                                                          APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
FAMILY COURT DIVISION THREE
HONORABLE LORI N. GOODWIN, JUDGE
ACTION NO. 23-AD-500032

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; R.A.P.;[1] AND
K.P., A MINOR CHILD                                                    APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, L. JONES, AND TAYLOR, JUDGES.

---

[1] We note that the Notice of Appeal filed by K.R.F. (Mother) stated that "a father was not named in this action." However, R.A.P. was named as the father in the petition for termination of parental rights and was served via warning order attorney pursuant to Kentucky Revised Statute (KRS) 625.070. His parental rights were also terminated. R.A.P. did not participate in the termination proceedings and did not appeal. Pursuant to Kentucky Rule of Appellate Procedure (RAP) 2(2), R.A.P. is also a party before this Court, despite the error in the Notice of Appeal.

TAYLOR, JUDGE:  K.R.F. (Mother) appeals the Jefferson Family Court's Order Terminating Parental Rights and Order of Judgment entered October 4, 2023.[2]  The order terminated K.R.F.'s parental rights to her minor child, K.P. (Child).  In accordance with *A.C. v. Cabinet for Health and Family Services*, 362 S.W.3d 361 (Ky. App. 2012), counsel for Mother filed a brief under *Anders v. California*, 386 U.S. 738 (1967) conceding that no meritorious assignment of error exists to present to this Court.  Counsel accompanied the brief with a motion to withdraw, which was passed to this merits panel.  By separate order, we have granted counsel's motion to withdraw and now affirm the family court's order terminating Mother's parental rights.

Child, a female, was born on March 18, 2021, and tested positive for morphine and fentanyl at birth.  Mother overdosed on fentanyl while still in the hospital after Child's birth.  The Cabinet for Health and Family Services (Cabinet) was notified and a petition for dependency, neglect, and abuse (DNA) was filed in early April, 2021.  Child was removed from Mother's care and placed with the maternal grandmother.  However, several months later, when maternal grandmother took Child and Child's older sibling to visit Mother, the older sibling found a gun in Mother's residence and shot himself in the chest.  After that

---

[2] Pursuant to KRS 625.090, the family court also rendered detailed Findings of Fact and Conclusions of Law.

incident, a new DNA petition was filed and Child was removed from the custody of maternal grandmother and placed in the custody of Cabinet.[3] Mother stipulated to neglect of Child in the underlying DNA proceedings in June of 2022.

Mother participated in the development of a case plan by the Cabinet. First, she was to have a substance abuse assessment and follow all recommendations. It was recommended that Mother complete residential treatment, but she failed to do so. She also failed to complete intensive outpatient treatment. Mother was also required to submit to random drug screens. At first her screens were clean, but when the facility started testing for fentanyl, Mother tested positive. She denied use and insisted on testing at a different facility. Once the new facility was ordered to start testing Mother for fentanyl, Mother did not submit to any additional drug screens. The Cabinet filed a petition to terminate Mother's parental rights on February 3, 2023, pursuant to Kentucky Revised Statutes (KRS) 625.050.

The family court conducted an evidentiary hearing on September 19, 2023. Mother appeared and testified at the hearing. Mother admitted to mental health struggles and homelessness. At the time of the final hearing, Mother was staying at a day shelter, but was only permitted to be there between the hours of 8:00 a.m. and 2:00 p.m. Mother therefore had failed to obtain stable housing as

---

[3] The older sibling of Child was placed with his Father.

part of her case plan. Mother was also required to receive a mental health assessment and follow up on all recommendations. She failed to do so. However, Mother did consistently attend her weekly two-hour supervised visitation with Child.

The family court did not immediately rule on the petition at the conclusion of the hearing. This was in part because, in closing arguments, Mother insisted she had not used any drugs other than marijuana for approximately one year and, if she took a drug test that day, she would be clean. The family court therefore ordered Mother to submit to a drug screen at a nearby facility immediately after the hearing. Mother tested positive for acetyl fentanyl, fentanyl, and fluorofentanyl. On October 4, 2023, the family court issued detailed findings of fact and conclusions of law and a separate order terminating Mother's parental rights. This appeal follows.

Mother's counsel filed an *Anders* brief in compliance with *A.C.*, 362 S.W.3d at 371. In *A.C.*, this Court adopted and applied the procedures identified in *Anders*, 386 U.S. 738, regarding appeals from orders terminating parental rights where counsel cannot identify any nonfrivolous grounds to appeal. *A.C.*, 362 S.W.3d at 371. Those procedures require counsel to first engage in a thorough and good-faith review of the record. *Id.* "If counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the

court and request permission to withdraw." *Id.* at 364 (quoting *Anders*, 386 U.S. at 744).

The applicable standard of appellate review of findings by the family court in a termination of parental rights case is the clearly erroneous standard set forth in Kentucky Rules of Civil Procedure (CR) 52.01. The court's findings of fact will not be set aside if supported by substantial evidence. *M.L.C. v. Cabinet for Health and Family Servs.*, 411 S.W.3d 761, 765 (Ky. App. 2013). The family court has broad discretion in determining whether the best interests of the child warrant termination of parental rights. *C.J.M. v. Cabinet for Health and Family Servs.*, 389 S.W.3d 155, 160 (Ky. App. 2012) (citation omitted). And, any questions of law raised on appeal will be reviewed *de novo*. *Comm. Cabinet for Health and Family Servs. v. S.H.*, 476 S.W.3d 254, 258 (Ky. 2015).

Mother's counsel complied with the requirements of *A.C.* and *Anders* by providing Mother with a copy of the brief and informing Mother of her right to file a *pro se* brief raising any issues she found meritorious. *See A.C.*, 362 S.W.3d at 371. Mother failed to file a *pro se* brief. Under *A.C.*, we have thoroughly reviewed the record below and agree with counsel no grounds exist that would warrant disturbing the family court's order terminating Mother's parental rights. *See id.*

KRS 625.090 sets forth the requirements which must be met before a court in Kentucky can involuntarily terminate parental rights. First, the family court must determine that the child is abused or neglected or that the child was previously determined to be abused or neglected by a court of competent jurisdiction. KRS 625.090(1)(a). Second, the family court must find that termination is in the best interests of the child. KRS 625.090(1)(c). Finally, the family court must find by clear and convincing evidence the existence of one or more of the eleven grounds (a) through (k) listed in KRS 625.090(2).

Based on our review, each of the statutory requirements was met by the family court. On appeal, this Court will not disturb the findings of the family court that are supported by the record. Mother has failed to address her fentanyl/opioid addiction and in fact denies she has a problem at all. She has never supported Child financially aside from bringing food and snacks to visits. She has failed to obtain housing or address her mental health concerns. Finally, Child had been in foster care for at least fifteen (15) cumulative months in the forty-eight (48) months preceding the filing of the petition for termination of parental rights filed by Cabinet.[4] There is substantial evidence in the record to support the family court's findings of fact and conclusions of law.

---

[4] *See* KRS 625.090(2)(j).

Accordingly, the order and judgment of the Jefferson Family Court terminating Mother's parental rights is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE COMMONWEALTH OF KENTUCKY, CABINET FOR HEALTH AND FAMILY SERVICES: |
|---|---|
| Erin S. Kennedy Startzman<br>Louisville, Kentucky | Kevin Martz<br>Covington, Kentucky |